UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

**JUSTIN WELDON,**
an Individual,

    **Plaintiff,**

v.

**THE TOWN OF FORT MYERS BEACH,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **JUSTIN WELDON**, ("Plaintiff") files this Complaint against Defendant, **THE TOWN OF FORT MYERS BEACH**, ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION and VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Lee County, Florida, and this venue is therefore proper.

6. Defendant is a public entity that is located and does business in Lee County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

8. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

9. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10. On or around March 24, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On or around September 30, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13. On or around October 7, 2025, the FHCR issued a Notice of State Rights against Defendant, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant as a Marine Operator from July 1, 2024, until his termination on September 12, 2024.

17. Shortly after commencing employment with Defendant, the working environment began to cause flareups of disabilities that Plaintiff suffers, specifically anxiety and stress accompanied by nightmares and insomnia.

18. As a result of his disabilities, Plaintiff often went days at a time without being able to sleep, and suffering from severe sleep deprivation, clouded judgment, irritability, and tension.

19. On August 16, 2024, Plaintiff's disabilities flared up, and police responded to an argument between Plaintiff and his wife.

20. On August 18, 2024, Plaintiff's wife reached out to Lee County authorities and had Plaintiff placed in a psychiatric hold for approximately six (6) hours pursuant to Florida's Baker Act.

21. The next day, August 19, 2024, Plaintiff took a PTO day off, and informed his supervisor Curtis Ludwig ("Mr. Ludwig") and HR Generalist Shelby Arment ("Ms. Arment") that he had a flare up of his disabilities, and would not be able to work that day.

22. On August 20, 2024, Plaintiff met with Ms. Arment and HR Director Talissa Oliviera ("Ms. Oliviera") to explain that he was having a personal issue with his mental health.

23. Ms. Arment and Ms. Oliviera proceeded to ask Plaintiff very personal questions about his condition, but Plaintiff noted that he could not explain the full depth of his mental health with them.

24. Plaintiff continued to work, but soon discovered that popping and cracking noises from a metal expansion joint under the bridge on which Defendant had him working was triggering anxiety and stress, and causing his disabilities to flare up.

25. On September 12, Plaintiff spoke with Mr. Ludwig to request a short leave of absence and access the Employee Assistance Program ("EAP") for counseling and assistance with treating his disabilities.

26. Mr. Ludwig was on board with this, but same had to be approved by Human Resources.

27. Plaintiff spoke with Ms. Arment and made the same accommodation request.

28. Ms. Arment offered to "front-load" PTO to Plaintiff so that he can continue to receive his pay while on his leave of absence.

29. However, about thirty (30) minutes after Plaintiff spoke with Ms. Arment, he received a call from Ms. Oliviera.

30. Ms. Oliviera pressed Plaintiff for information, asking why he needed the time off and what were his particular mental health issues.

31. In response, Plaintiff requested privacy concerning his health issues.

32. Ms. Oliviera then coldly informed Plaintiff that she "has a business to run" and that she "need[ed] someone who can work forty hours a week."

33. Ms. Oliviera then terminated Plaintiff's employment, effective immediately.

34. It is clear that Plaintiff's disability and request for accommodation/leave were seen as problematic to Ms. Oliviera, and she believed the solution was to simply force Plaintiff out.

35. Any other reason theorized by Defendant is mere pretext.

36. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

37. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

39. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

40. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

41. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

42. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

43. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

44. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

45. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

46. Defendant did not have a good faith basis for its actions.

47. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

48. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

49. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE DISCRIMINATION**

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 12, 14 through 24, 26 through 38, 40 through 44, 46, and 48 through 50, above.

52. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

53. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

54. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

55. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

58. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE DISCRIMINATION

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 11, 13 through 24, 26 through 38, 40 through 44, 46, and 48 through 50, above.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

63. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

64. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

65. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

68. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

70. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY**

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 8 through 12, 14 through 35, 39, and 41 through 50, above.

59.  Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60.  Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61.  Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62.  Plaintiff's protected activity, and his termination, are causally related.

63.  Defendant's stated reasons for Plaintiff's termination are a pretext.

64.  The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.  The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8 through 11, 13 through 35, 39, and 41 through 50, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 23rd day of December, 2025.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*